UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

CHARLES J. MAXIE, JR.          CIVIL ACTION NO. 3:17-CV-181

VS.                            SECTION P

                               JUDGE ROBERT G. JAMES

ISAAC BROWN, ET AL.            MAGISTRATE JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Charles J. Maxie, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 23, 2017. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC). He is incarcerated at the Morehouse Parish Detention Center (MPDC). He claims he was wrongly accused of a smuggling drugs into the MPDC and subsequently terminated from his prison work-release job. He seeks an investigation into the MPDC and the work release program, as well as compensatory damages for mental and emotional duress and lost wages. Plaintiff also filed a Motion to Appoint Counsel and a Motion for Preliminary Injunction.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Plaintiff is a DOC prisoner incarcerated at the MPDC. He asserts that while working at D&G Foods on October 6, 2016, he was questioned by Officer Holmes, who found a letter in his pocket, read it, placed it back in his pocket and told him to return to work. The next day, Officer Holmes

spoke with Warden Brown and plaintiff was then told he was fired, without explanation. When he later questioned Warden Brown about his termination, he was accused by Brown of smuggling drugs into the prison. Plaintiff denies this allegation and has filed grievances, which have gone unanswered.

### *Law and Analysis*

### *1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### *2. Work-Release*

Plaintiff implies that he has a Constitutional right to participate in a work-release program,

2

presumably pursuant to the due process clause of the Fourteenth Amendment. However, plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claims are frivolous. In *Welch v. Thompson*, 20 F.3d 636 (5th Cir.1994), the Fifth Circuit determined that La. R.S.15:1111, the statute which authorizes the Louisiana Department of Correction's (LDOC's) work-release program, entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that "... La. R.S.15:1111 does not create a liberty interest subject to the Due Process Clause." *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir.1994).

To the extent that plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, such an argument also lacks an arguable basis in law and fact. In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of entitlement to it." *Id.* (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988). The Fifth Circuit has also held that prisoners have no property interest work-release employment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.1995).

Plaintiff is not entitled to participate in any particular work-release program and therefore

3

to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, such claims are subject to dismissal as frivolous.

### 3.  Appointment of Counsel

Plaintiff seeks appointment of counsel.  Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983.  "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985).  Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff.  In the case of *Mallard v. United States District Court for the Southern District*,  490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989).  No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: (a) the type and complexity of the case; (b) the plaintiff's ability to adequately present and investigate his case; (c) the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and

4

cross-examination; and (d) the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See  Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

Plaintiff has managed to file his original complaint setting forth his cause of action against the named defendants.  No special legal knowledge is required of plaintiff herein.  Plaintiff's claims are not  atypical of those often asserted in civil rights litigation and are not complex. At this stage of the proceedings he need not be versed in the law so long as he can recite the facts and his demands with sufficient clarity, and that he has done so far.  Accordingly, plaintiff's request for appointment of counsel should be denied as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel.

### 4.  Temporary Restraining Order

Finally, plaintiff has filed a request for a temporary or preliminary restraining order.  A litigant moving for a preliminary injunction or temporary restraining order must demonstrate <u>each</u> of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th

Cir.1976).

Plaintiff cannot prevail because he has not demonstrated a substantial threat of irreparable injury.  Further, plaintiff has not yet shown a substantial likelihood of success on the merits; rather, his claims are frivolous and should be dismissed, as he is not entitled to participate in a work-release program. Finally, the relief plaintiff seeks through this request for injunctive relief is too amorphous and non-specific.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Appoint Counsel [Rec. Doc. 3] and Motion for Preliminary Injunction [Rec. Doc. 4]  be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United*

6

*Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, March 14, 2017.

KAREN L. HAYES
**UNITED STATES MAGISTRATE JUDGE**

7